767 P.2d 271

**SAFECO INSURANCE COMPANIES, Plaintiff/Appellant,**

v.

**Chris WEISGERBER, Defendant/Respondent.**

**No. 17418.**

Supreme Court of Idaho.

Jan. 16, 1989.

Knowlton & Miles, Lewiston, for plaintiff/appellant. Jeff M. Brudie, argued.

Samuel Eismann, Coeur d'Alene, for defendant/respondent.

HUNTLEY, Justice.

Safeco Insurance Companies (Safeco) brought a subrogation action against Chris Weisgerber to recover amounts paid to Stanley and Anita LaFrenz on account of a fire allegedly caused by the negligence of Chris Weisgerber, the tenant in a residence rented to him by the LaFrenzes. Weisgerber moved for summary judgment upon the ground that a landlord's insurer has no right of subrogation against a negligent tenant. The district court granted summary judgment to defendant. Safeco appeals. We affirm.

I.

On December 23, 1983, a home owned by the LaFrenzes and rented to Weisgerber was damaged by fire. The LaFrenzes possessed a general homeowner's policy issued by Safeco. Following the fire Safeco paid $28,762.08 for repairs to the house and replacement or compensation for personal property damaged or destroyed in the fire.

The parties to the rental agreement do not dispute the fact that they never mentioned the question of insuring the premises against loss by fire during any discussions or negotiations regarding the rental agreement. Weisgerber had a renter's policy with Farm Bureau Insurance which included insurance for his own personal property. Weisgerber states that he did not obtain fire insurance on the real property because the landlords never requested that

he do so and he did not feel it was his responsibility to obtain such insurance.

On June 11, 1982, Weisgerber signed the rental agreement. Paragraph 5(b) of the agreement required Weisgerber to maintain the premises in a good state and condition of repair, "damage by ... fire excepted."

## II.

The issue presented on appeal is whether the trial court erred in granting summary judgment to Weisgerber upon the basis that an insurance carrier for a landlord has no right of subrogation against a tenant to recover for damages to leased premises caused by the negligence of the tenant.

The question of whether a landlord's insurer has a cause of action by way of subrogation against a negligent tenant is an issue of first impression in the state of Idaho. Decisions from other jurisdictions which have considered the question overwhelmingly embrace the view, relied upon by the district court in awarding summary judgment to Weisgerber, that the landlord/homeowner obtains insurance that is held for the benefit of both landlord and tenant, thereby giving the tenant the status of a co-insured, absent an express agreement to the contrary.[1]

## III.

In *Pendlebury v. Western Casualty & Surety Co.*, 89 Idaho 456, 406 P.2d 129 (1965), this Court held a fire insurance carrier cannot maintain a subrogation action against its insured for loss of the insured premises due to the insured's negligence.

The following cases, most of which are discussed in more detail, *infra*, have held that the tenant has the status of a coinsured with the landlord, absent an express agreement to the contrary. *Sutton v. Jondahl*, 532 P.2d 478 (Okla.App.1975); *Alaska Ins. Co. v. RCA Alaska Communications, Inc.*, 623 P.2d 1216 (Alaska 1981);

*Liberty Mutual Fire Ins. Co. v. Auto Spring Supply Co.*, 59 Cal.App.3d 860, 131 Cal.Rptr. 211 (1976); *Rizutto v. Morris*, 22 Wash.App. 951, 592 P.2d 688 (1979); *Cascade Trailer Court v. Jim Beeson, et al.*, 50 Wash.App. 678, 749 P.2d 761 (1988) (rev. denied May 31, 1988); *McGinnis ex rel. C.I.E. Service Corp. v. LaShelle*, 166 Ill. App.3d 131, 116 Ill.Dec. 631, 519 N.E.2d 699 (1988); *Aetna Ins. Co. v. Craftwall of Idaho, Inc.*, Case No. 82–3073 (D.C.Idaho, 1983) (reversed and remanded at 757 F.2d 1030 (9th Cir.1985) with directions to the district court to determine the parties' intent regarding the provision of fire insurance for the leased premises involved, or, if unable to ascertain the parties' intent, to certify to the Idaho Supreme Court the question whether a tenant will be presumed to be a coinsured of the landlord absent any indication of the parties' intent).

One cogent rationale for concluding that a tenant is a coinsured of the landlord is expressed in *Sutton v. Jondahl, supra.*

This principle is derived from a recognition of a rational reality, namely, that both landlord and tenant have an insurable interest in the rented premises—the former owns the fee and the latter has a possessory interest. Here the landlords (Suttons) purchased the fire insurance from Central Mutual Insurance Company to protect such interests in the property against loss from fire. This is not uncommon. And as a matter of sound business practice, the premium paid had to be considered in establishing the rent rate on the rental unit. Such premium was chargeable against the rent as an overhead or operating expense. And of course it follows then that the tenant actually paid the premium as part of the monthly rental.... To suggest the fire insurance does not extend to the insurance interest of an occupying tenant is to ignore the realities of urban apartment dwelling and single-family dwelling renting.

---

1. Only the Arkansas Supreme Court is of the view that the tenant is liable for negligence which caused a premises fire in a subrogation action by the homeowner's insurer, absent an express agreement to the contrary. *Page v. Scott*, 263 Ark. 684, 567 S.W.2d 101 (1978).

Prospective tenants ordinarily rely upon the owner of the dwelling to provide fire protection for the realty (as distinguished from personal property) absent an express agreement otherwise. Certainly it would not likely occur to a reasonably prudent tenant that the premises were without fire insurance protection or if there was such protection it did not inure to his benefit and that he would need to take out another fire policy to protect himself from any loss during his occupancy. Perhaps this comes about because the companies themselves have accepted coverage of a tenant as a natural thing. Otherwise their insurance salesmen would have long ago made such need a matter of common knowledge by promoting the sale to tenants of a second fire insurance policy to cover the real estate.

*Sutton, supra,* 532 P.2d 478.

In *Cascade Trailer Court v. Jim Beeson, et al., supra,* 749 P.2d 761, the court affirmed the decision of the trial court granting summary judgment to the tenants and holding that the tenants were implied coinsureds with the landlord under the landlord's fire policy, thus defeating the subrogation claim against them. The court responded to the criticism of the *Sutton* rationale found in *Page v. Scott, supra,* 567 S.W.2d 101,[2] and stated its analysis as follows:

> We are not persuaded by Cascade's general arguments attacking the rationale of *Sutton v. Jondahl,* 532 P.2d 478 (Okla. Ct.App.1975). Whether rent covers all of a landlord's expenses, including insurance premiums, is not the critical question. Rather, the issue concerns the parties' reasonable expectations. Where the landlord has secured fire insurance covering the leased premises, the tenant can reasonably expect the insurance to cover

him as well, unless the parties have specifically agreed otherwise. Why?—because the tenant is in privity of contract with the landlord, and he has a property interest in the premises the insurance protects.

The rule barring subrogation against a tenant by the insurer of the landlord applies with equal force to fire damage caused by the tenant's negligence. *Cascade Trailer Court v. Jim Beeson, et al., supra; McGinnis ex rel. C.I.E. Service Corp. v. LaShelle, supra.* In *Alaska Ins. Co. v. RCA Alaska Communication,* 623 P.2d 1216 (Alaska 1981), the lease contained a clause requiring the tenant to yield up the premises at the end of the term in as good condition as when possession was taken, reasonable wear and tear excepted. In *Alaska Ins.,* the "yield up" clause excepted fire damage, but contained a specific proviso that the exception for fire damage did not include fire damage caused by the lessee's negligence. Nevertheless, the court still held that the negligent tenant was an implied coinsured under the landlord's fire insurance policy. According to the court, the redelivery clause did not "clearly establish (the tenant's) liability for fire damage caused by (his) own negligence." *Alaska Ins.,* at 1219.

Following the reasoning in *Alaska Ins.,* the court in *Cascade Trailer Court v. Jim Beeson, et al., supra* stated:

> We hold that the fact that the disputed lease provided the tenants would not negligently destroy the premises does not indicate the parties intended to limit the benefit of the insurance to the landlord. A tenant could sign the written lease at issue and reasonably never contemplate that if the premises were destroyed by a fire he negligently caused, his landlord's insurer could collect dam-

---

**2.** In *Page,* suit was brought by landlord's insurer against a residential tenant who negligently caused a fire on the leased premises. The court permitted the subrogation action against the negligent tenant and criticized the reasoning employed in *Sutton v. Jondahl,* 532 P.2d 478 (Okla.App.1975)—a key case supporting the viewpoint denying the right of subrogation. "The fiction that by paying the rent, the lessee

paid the insurance premium is not appropriate." *Page,* 567 S.W.2d at 104. The *Page* court opined that it was the market "i.e., supply and demand" that was the controlling factor in fixing and negotiating rents and that rent should not be viewed as including amounts allocated to defrayal of the expenses of insurance or taxes or construction or purchase price or repair or maintenance.

ages from him. We adopt the reasonable expectations rationale of the Sutton line of cases and hold Cascade is presumed to carry its insurance for the tenant's benefit because the lease did not contain an express provision to the contrary.

*Cascade, supra,* 749 P.2d 761.

The rental agreement (paragraph 5(b)) in the instant action provided in pertinent part that the tenant was required to:

Maintain premises and furnishings in a good state and condition with reasonable wear and tear, damage by the elements and fire excepted, and to pay for repairs to the property made necessary by damage resulting from the negligence of Tenants.

When a tenant agrees to maintain the property in a good state and condition with "damage by fire excepted," a landlord should reasonably be expected to bear the burdens associated with damage by fire and insure against that eventuality. A lease provision requiring a tenant to return property in good condition, with damage by fire excepted, prohibits subrogation against that tenant by a landlord's insurer for fire damage caused by a tenant's negligence.[3] *Hardware Mutual Casualty Co. v. Bob White Oldsmobile–Cadillac,* 46 Ill.App.3d 722, 5 Ill.Dec. 186, 361 N.E.2d 325 (1977); *General Mills v. Goldman,* 184 F.2d 359 (8th Cir.1950).

Since subrogation is an equitable doctrine, equity principles apply in determining its availability. *Alaska Insurance Co., supra,* 623 P.2d at 1217; *Rock River Lumber Corp. v. Universal Mortgage Corp.,* 82 Wis.2d 235, 262 N.W.2d 114, 117 (1978). In *Aetna Ins. Co. v. Craftwall of Idaho, Inc.,* Case No. 82–3073 (D.C.Idaho, 1983), *supra,* Judge Ryan opined:

Consequently, it is the opinion of this court that there are strong public policy reasons for denying a landlord's insurance carrier a subrogation action against a negligent tenant, and that absent an agreement between the landlord and the tenant to the contrary, when a landlord insures the premises which are rented to third parties, the third parties are coinsureds for purposes of subrogation.

Judge Ryan also quoted from R. Keeton *Insurance Law,* § 4.4(b) at 210 (1971).

Probably it is undesirable, from the point of view of public interest, that the risk of loss from a fire negligently caused by a lessee be upon the lessee rather than the lessor's insurer.

Equity prevents recovery from a tenant who leaves herself unprotected by insurance under circumstances in which she reasonably expected coverage from the landlord's policy. Denial of a right to subrogation in this instance prevents windfalls to insurers, prevents the double-insuring of property and places the risk where it was intended to be, on the landlords's insurance carrier which has collected premiums to cover the loss insured against.

Affirmed. Costs to respondents.

SHEPARD, C.J., JOHNSON, J., and TOWLES, J. Pro Tem., concur.

BAKES, Justice, concurring specially:

I concur in that portion of the majority opinion which holds that "[a] lease provision requiring a tenant to return property in good condition, with damage by fire excepted, prohibits subrogation against that tenant by a landlord's insurer for fire damage caused by a tenant's negligence."

---

**3.** The author does not concur with the special concurrence of Justice Bakes.