KANSAS CITY FIRE AND MARINE
INSURANCE COMPANY,
Appellee,

v.

Ralph ROGERS, Appellant.

No. 80772.

Court of Appeals of Oklahoma,
Division No. 3.

Jan. 11, 1994.

Certiorari Denied March 9, 1994.

Mickey James, Earl G. Williams, Green, James & Williams, Oklahoma City, for appellant.

James M. Kaufman, Oklahoma City, for appellee.

## OPINION

BAILEY, Judge:

Ralph Rogers (Rogers) seeks review of an order of the Trial Court denying Rogers' motion for new trial after grant of summary judgment to Kansas City Fire and Marine Insurance Company (Insurer) in Insurer's subrogation action. Herein, Rogers asserts no liability to Insurer.

Rogers' parents owned a rent house insured by Insurer, and Rogers rented the house from his parents. The house suffered smoke/fire damage when Rogers started a grease fire in the kitchen, and Insurer paid Rogers' parents' insurance claim therefor.

Insurer then commenced the instant subrogation claim against Rogers, alleging Rogers' negligence in starting the grease fire and seeking recovery of the sum paid on Rogers' parents' insurance claim from Rogers. On Insurer's motion, the Trial Court granted summary judgment to Insurer, denied Rogers' motion for new trial, and awarded Insurer attorney fees and costs. Rogers appeals.

We find this case controlled by a previous decision of the Court of Appeals.[1] In that case, Judge Brightmire held that a landlord's insurer has no claim for subrogation against the tenant for damages to landlord's rented premises arising from tenant's negligence absent agreement otherwise, as landlord and tenant are, in essence, co-insureds under landlord's policy of insurance.[2,3] We there-

1. *Sutton v. Jondahl*, 532 P.2d 478 (Okl.App. 1975).

2. *Sutton*, 532 P.2d at 482.

3. These jurisdictions have adopted this view. *See, e.g., Alaska Ins. Co. v. RCA Alaska Communications, Inc.*, 623 P.2d 1216 (Alaska 1981); *Liberty Mutual Fire Ins. Co. v. Auto Spring Supply Co.*, 59 Cal.App.3d 860, 131 Cal.Rptr. 211 (1976); *Safeco Ins. Co. v. Weisgerber*, 115 Idaho 428, 767 P.2d 271 (1989); *Reeder v. Reeder*, 217 Neb. 120, 348 N.W.2d 832 (1984); *Safeco Ins. Co. v. Capri*, 101 Nev. 429, 705 P.2d 659 (1985); *Fashion Place Invs. Ltd. v. Salt Lake County Mental Health*, 776 P.2d 941 (Utah App.1989); *Monterey Corp. v. Hart*, 216 Va. 843, 224 S.E.2d 142 (1976); *Cascade Trailer Court v. Beeson*, 50 Wash.App. 678, 749 P.2d 761 (1988).
*Contra, Neubauer v. Hostetter,* 485 N.W.2d 87 (Iowa 1992); *Page v. Scott,* 263 Ark. 684, 567 S.W.2d 101 (1978).

fore hold the Trial Court erred in denying Rogers' motion for new trial and in granting summary judgment to Insurer.

The order of the Trial Court is therefore REVERSED and the cause REMANDED for entry of judgment for Rogers.

HUNTER, P.J., and GARRETT, V.C.J., concur.