887 P.2d 1052

**BANNOCK BUILDING COMPANY, Plaintiff–Appellant,**

v.

**Tom SAHLBERG, an individual; Robert A. Baker, an individual; Tom Sahlberg and Robert A. Baker, dba Micro Solutions; John Does I–X, and Jane Does I–X, Defendants–Respondents.**

No. 20943.

Supreme Court of Idaho,
Pocatello, September 1994 Term.

Dec. 28, 1994.

**546**

Racine, Olson, Nye, Cooper & Budge, Pocatello, for appellant. John A. Bailey, Jr., argued.

Merrill & Merrill, Pocatello, for respondents. Stephen S. Dunn, argued.

SILAK, Justice.

This is an appeal from an order granting summary judgment in favor of respondents who were found to be additional insureds under their landlord's fire insurance policy. We vacate the order granting summary judgment, and remand this case for further proceedings consistent with this opinion.

## I.

## FACTS AND PROCEDURAL BACKGROUND

Respondents Tom Sahlberg (Sahlberg) and Robert A. Baker (Baker) are partners in Micro Solutions (Micro, and collectively, the Micro parties). At some time before November 1990, Sahlberg negotiated a month to month tenancy with Sy Block (Block), owner of Appellant Bannock Building Company (Bannock), for space in a building owned by Bannock. The agreement was oral, and there was no agreement as to which party would provide insurance for the premises. Sahlberg asserts that during the discussion regarding the lease, Block indicated that Bannock had fire and property insurance for the building and office space, and that he, Sahlberg, told Block that Micro carried fire and property damage coverage for its personal equipment located within the office space. Block asserts that there was never any discussion as to insurance during the formation of the lease.

Before leasing the Bannock premises, Micro leased space at a different building and had an insurance policy that covered Micro's personal equipment. This policy also provided comprehensive liability coverage for damage caused by Micro's negligence. When Micro moved into the Bannock premises, Micro called its insurance agent and had the agent change the existing policy to reflect the new location.

On November 26, 1990, a fire began in a work/storage room of the premises occupied by Micro, resulting in $230,118.12 in damages to the physical structure of the building. This damage was covered and paid for by Bannock's insurer which, under its subrogation rights, brought the present suit against the Micro parties, to recover damages caused to the building due to their alleged negligent acts. Bannock also asserted claims against the same defendants to recover certain uninsured losses.

The parties disputed the condition of the Bannock property upon Micro's vacating the premises. The Micro parties deny that there was ever any agreement regarding return of the property to the original condition upon vacating the premises. Bannock claims that there was an agreement that the tenant would return the premises to the landlord in as good a condition as when rented, without exceptions.

The Micro parties filed a summary judgment motion, arguing that they have no liability regardless of whether they or Micro's employees acted negligently. The district court granted the motion, finding that the record created no genuine issue of material fact, and ruled that the Micro parties were co-insureds under Bannock's fire insurance policy. The district court thus found that Bannock's insurance carrier was barred from bringing suit against the Micro parties.

Bannock appealed from this partial summary judgment, and this Court granted Bannock's motion for permissive appeal pursuant to I.A.R. 12.

## II.

## ISSUES ON APPEAL

Bannock's issue on appeal is whether a commercial tenant who is required to return the leased property in good condition, and who obtains fire insurance protecting the premises, is considered an additional insured under the landlord's fire insurance policy.

The Micro parties raise the additional issue on appeal of whether they are entitled to an award of reasonable attorney fees for defending this appeal pursuant to I.C. § 12–

121 and I.A.R. 41 on the ground that the appeal is pursued frivolously, unreasonably, and without foundation.

## III.

## ANALYSIS

### A. STANDARD OF REVIEW

■ In an appeal from an order of summary judgment, this Court's standard of review is the same as the standard used by the district court in ruling on a motion for summary judgment. *Farm Credit Bank of Spokane v. Stevenson*, 125 Idaho 270, 272, 869 P.2d 1365, 1367 (1994); *East Lizard Butte Water Corp. v. Howell*, 122 Idaho 679, 681, 837 P.2d 805, 807 (1992). All disputed facts are to be construed liberally in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party. *Bonz v. Sudweeks*, 119 Idaho 539, 541, 808 P.2d 876, 878 (1991). Summary judgment is appropriate if "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *McCoy v. Lyons*, 120 Idaho 765, 769, 820 P.2d 360, 364 (1991).

### B. THE DISTRICT COURT ERRED IN GRANTING SUMMARY JUDGMENT

1. *The Law Does Not Provide that a Lessee is Always a Co–Insured Under the Landlord's Fire Insurance Policy Absent an Agreement to the Contrary.*

The district court, relying on *Safeco Ins. Cos. v. Weisgerber*, 115 Idaho 428, 767 P.2d 271 (1989), ruled that Bannock's fire insurer was not entitled to subrogation against the Micro parties because they were implied co-insureds under Bannock's policy. The district court found that a tenant is an insured under the landlord's policy of fire insurance absent an express agreement to the contrary between the landlord and the tenant. Bannock argues that this is too broad an interpretation of *Weisgerber* and that *Weisgerber* is factually distinguishable from the instant case. We agree.

In *Weisgerber*, the landlords possessed a general homeowner's policy on their property issued by Safeco. Weisgerber, the tenant, had a renter's policy which included insurance for his own personal property. The written rental agreement required that Weisgerber maintain the premises in a good state and condition of repair, *"damage by ... fire excepted."* 115 Idaho at 429; 767 P.2d at 272. (Emphasis added). The leased property was thereafter damaged by fire. Safeco paid for repairs to the house and replacement or compensation for personal property damaged or destroyed by fire. *Id.* at 428, 767 P.2d at 271.

Safeco then brought a subrogation action against Weisgerber to recover the amounts paid to the landlords, claiming that Weisgerber had negligently caused the fire. Weisgerber moved for summary judgment on the ground that a landlord's insurer has no right of subrogation against a negligent tenant. Weisgerber maintained that he did not obtain fire insurance on the real property because the landlords never asked him to do so, and that he did not believe it was his responsibility to purchase such insurance. *Id.* at 429, 767 P.2d at 272. We affirmed the district court's granting of summary judgment to Weisgerber, holding:

> When a tenant agrees to maintain the property in a good state and condition with "damage by fire excepted," a landlord should reasonably be expected to bear the burdens associated with damage by fire and insure against that eventuality.

*Id.* at 431, 767 P.2d at 274. Thus, we found that under these circumstances, subrogation against a tenant by a landlord's insurer for fire damage caused by the tenant's negligence is prohibited. *Id.*

This Court agrees with Bannock that *Weisgerber, supra,* is not controlling in the present case. Our holding in *Weisgerber* was specific to the facts of that case. There, the written terms of the lease provided that the tenant was not responsible for fire damage. Because of the express "yield up" clause in the agreement, we found that Weisgerber reasonably expected coverage under the landlord's policy, and that equity prevented recovery from a tenant who left herself unprotected in reliance on the lease. *Id.*

Although in *Weisgerber* this Court referred to cases in other jurisdictions which stand for. the broad proposition that, absent an agreement to the contrary, a tenant is a co-insured of the landlord, *see e.g., Sutton v. Jondahl,* 532 P.2d 478 (Okla.App.1975); *Alaska Ins. Co. v. RCA Alaska Communications, Inc.,* 623 P.2d 1216 (Alaska 1981); *Rizzuto v. Morris,* 22 Wash.App. 951, 592 P.2d 688 (1979); *Cascade Trailer Court v. Beeson,* 50 Wash.App. 678, 749 P.2d 761 (1988), we did not expressly adopt those holdings.[1] We merely reviewed them for guidance since, as we stated in *Weisgerber,* this was a case of first impression in Idaho. We clarify here that the proper analysis should be to look to the landlord's and tenant's intentions as shown by that particular lease agreement and the facts and surrounding circumstances to determine whether the risk of loss for damage by fire should fall on the landlord or the tenant.

With respect to the present case, there is no evidence of a "yield up" clause excepting fire damage from the tenant's responsibility in this oral lease. At this stage in the proceedings, it is undecided whether there was any agreement between Bannock and the Micro parties regarding who would be responsible for maintaining fire insurance on the property, or whether the Micro parties would be liable for fire damage caused by their negligence. The parties disagree as to what was decided on the issue of fire insur-

1. Indeed, there are numerous jurisdictions which have held the opposite: *i.e.,* that a landlord's insurer may subrogate against the tenant in the absence of language in the lease exculpating tenant from his/her negligence, or expressly obligating the landlord to provide insurance. *See, e.g., Regent Ins. Co. v. Economy Preferred Ins. Co.,* 749 F.Supp. 191, 195 (C.D.Ill.1990); *Fire Ins. Exch. v. Geekie,* 179 Ill.App.3d 679, 128 Ill.Dec. 616, 617, 534 N.E.2d 1061, 1062 (1989); *Neu-bauer v. Hostetter,* 485 N.W.2d 87 (Iowa 1992); *Britton v. Wooten,* 817 S.W.2d 443, 447 (Ky. 1991); *Page v. Scott,* 263 Ark. 684, 567 S.W.2d 101, 103 (1978); *New Hampshire Ins. Co. v. Hewins,* 6 Kan.App.2d 259, 627 P.2d 1159, 1161 (1981); *Aquisto v. Joe R. Hahn Enters., Inc.,* 619 P.2d 1237, 1240 (N.M.1980); *U.S. Fidelity & Guar. Co. v. Let's Frame It,* 759 P.2d 819, 822 (Colo.Ct.App.1988).

ance during their lease negotiations. Sahlberg claims that Bannock agreed to provide insurance as to the real property and office building, and that he, Sahlberg, agreed to provide insurance for Micro's personalty. Bannock disagrees. The Micro parties now urge that for purposes of this appeal, there is no agreement on the insurance issue, and therefore, because there is no agreement under which they are expressly responsible for their own fire insurance, they are implied co-insureds under Bannock's policy.

■ As we previously stated, we do not adopt the broader rule of other jurisdictions that absent an agreement to the contrary, a landlord obtains insurance that is held for the benefit of both landlord and tenant, thereby giving the tenant the status of a co-insured, and thereby prohibiting subrogation against the tenant. Rather, we hold that on a case-by-case basis, the trier of fact must focus on the terms of the lease agreement itself to determine what the reasonable expectations of the parties were as to who should bear the risk of loss for fire damage to the leased premises. With respect to the present case, we hold that summary judgment must be vacated and the case remanded to the district court to determine the issue of which party agreed to bear the risk of loss for fire damage, including who should bear that risk if the damage is determined to be caused by the negligent acts of the tenant.

### 2. *Material Disputed Factual Issues Remain in This Case, Rendering Summary Judgment Improper.*

■ Bannock also argues that the district court erred in granting the Micro parties' summary judgment motion because there were material factual issues in dispute. We agree.

The record in this case indicates that there is substantial disagreement between Sahlberg and Block regarding what was discussed, or was not discussed, regarding fire insurance at the time they entered into the oral month to month lease. Block, Bannock's principal, is adamant that there was no conversation whatsoever concerning the subject of who would provide fire insurance for Micro's benefit. Sahlberg, on the other hand, claims that he and Block did briefly discuss insurance, that Block indicated that he provided fire insurance for property damage, and that Sahlberg stated that he had fire insurance for Micro's personal property. The record indicates that in addition to its insurance on its personalty, Micro also had general liability insurance for damages caused by its negligence. Thus, a genuine issue of material fact exists regarding whether the Micro parties expected to be covered under Bannock's insurance policy. The expectations of the parties, and their intentions, are subjects that should be considered by the trier of fact in determining liability for this loss. The trier of fact must further determine if the parties intended that the Micro parties would be additional insureds under Bannock's insurance policy. *See Aetna Ins. Co. v. Craftwall of Idaho, Inc.,* 757 F.2d 1030, 1031 (9th Cir.1985) ("To determine whether the insurance policy was obtained for the mutual benefit of tenant and landlord, the courts have first looked to the intent of the parties.") The Micro parties' summary judgment motion should therefore have been denied.

### IV.

### CONCLUSION

The district court erred in granting summary judgment on the basis that the Micro parties were implied co-insureds under Bannock's fire policy because there was no agreement to the contrary. *Weisgerber, supra,* is not controlling in this case as it is factually inapposite, *i.e.,* in *Weisgerber* the lease specifically provided that the tenant was not responsible for fire damage. Additionally, summary judgment was inappropriate because there are material factual issues in dispute concerning what the parties agreed to on the insurance issue when they negotiated the oral month to month lease. Accordingly, the order of the district court is vacated and the case remanded for further proceedings consistent with this opinion.

No attorney's fees on appeal. Costs on appeal to Bannock.

McDEVITT, C.J., JOHNSON and TROUT, JJ., and REINHARDT, J. Pro Tem., concur.