[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs Great American Insurance Company (hereinafter Great American) and Dominic Ciaramella (hereinafter Ciaramella) commenced this action by their complaint dated March 18, 1995. The complaint is in two counts alleging negligence and breach of contract. The defendant Steven Cahill (hereinafter Cahill) filed his answer on May 9, 1996. Thereafter on April 16, 1997 he filed an amended answer and seven special defenses. The plaintiffs did not file a reply to the defendant's special defenses but this court will assume they deny each special defense.
The plaintiff Dominic Ciaramella was the owner of premises at 55 Glenbrook Avenue, Hamden, Connecticut (hereinafter premises) on August 6, 1993. The plaintiff Great American insured these premises against fire loss. The defendant Steven Cahill and the plaintiff Dominic Ciaramella entered into a lease for the premises dated September 28, 1992 whereby Mr. Cahill would lease said premises. The lease term was from October 15, 1992 to September 30, 1994 (Exhibit A). The pertinent lease provisions relative to this lawsuit are paragraphs five, eight and eleven. Those paragraphs read as follows:
 5. CARE OF HOUSE. You will keep the House and all fixtures and appliances in a clean and safe condition. You will remove all ashes, garbage, rubbish and other waste in a clean and safe manner to the place provided by us. You will use all electrical, plumbing, heating, air conditioning and other facilities and appliances in a reasonable manner.
 You will not destroy or damage any part of the House or any of our furnishings or appliances in the House. You also CT Page 6438 will not remove any of our furnishings or appliances from the House. You will maintain the grounds and remove snow from walks and driveways.
 8. DAMAGE TO HOUSE. You will not have to pay rent for any time that your use and enjoyment of the House is substantially affected because the House is damaged by fire or other casualty. However, you will pay rent if you caused the damage or destruction or unless you continue to occupy any portion of the House. If you continue to occupy any portion of the House, your rent shall be reduced by the decrease in the fair rental value of the House.
 If any part of the House is damaged by fire or other casualty, we shall have the right to cancel this lease. If we decide to cancel the lease, we will give you notice within fifteen (15) days after the date of the fire or other casualty. The lease will end on the date that we give in our notice to you. If we do not cancel this lease, we will repair the damage within a reasonable time.
 11. REMOVAL OF PROPERTY. When this lease ends, you will leave the House and remove all your property and the property of others. You will leave the House in good and clean condition, and you will repair any damage that was caused by yourself or others.
On August 6, 1993 the defendant's fifteen year old son was home cooking french fries in a pan of oil when the pan caught on fire resulting in substantial fire and smoke damage to the premises. At the time the only other person in the home was Geraldine Liscio-Smith the sister of the defendant's wife. Ms. Liscio-Smith was waiting for her sister to come home so she could talk to her. Steven Cahill testified that when the fire started he tried to contain it by putting the cover of the pan over the fire. This did not succeed in stopping the fire. Ms. Liscio-Smith testified when her nephew yelled "fire" she looked up from where she was reading a newspaper in the kitchen about two or three feet away. She chased her nephew away and poured salt on the fire in the pan and sprayed water from the sink hose on the cabinets. When the fire was fully extinguished she then called 911 and the Hamden Fire Department arrived shortly thereafter.
The issue in this case is after an insurer has paid a landlord's fire insurance claim, does the landlord's insurer CT Page 6439 acquire a right of subrogation against the tenant who negligently caused the fire?
Dominic Ciaramella testified that he told Steven Cahill that he (Ciaramella) had insurance to protect himself and that if Mr. Cahill wanted to protect his property he would have to get his own insurance. Steven Cahill testified that he discussed insurance with Mr. Ciaramella but that he did not ask to be made a coinsured under the plaintiff's policy. He further testified he thought he was covered under Mr. Ciaramella's homeowners policy at the time of the fire. Mr. Cahill said he did not have renters insurance at the time of the fire.
The only Connecticut court to address this issue granted a tenant's motion for summary judgment, and held that "the absence of an express provision holding the [tenant] liable for his negligence and the provision creating the inference that the lessor is carrying fire insurance bars the [insurance company's] subrogation cause of action." Aetna Life Casualty v. Mark,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 70 24 59 (July 21, 1993, Hennessey, J.). The court in Mark based its holding on the rule set forth in Appleman's Insurance Law and Practice, which stated, "[t]he modern trend of authority holds that the lessor's insurer cannot obtain subrogation against the lessee, in the absence of an express agreement or lease provision establishing the lessee's liability, because the lessee is considered a co-insured of the lessor for the purpose of preventing subrogation; the parties are co-insureds because of the reasonable expectations they derive from their privity under the lease, their insurable interests in the property, and the commercial realities under which lessors insure leased premises and pass on the premium cost in rent and under which insurers make reimbursement for fires negligently caused by their insured's negligence . . . ." 6A J. Appleman S. Liebo, Appleman's Insurance Law and Practice § 4055 (Supp. 1992).[1]
Additionally, "[i]t is the modern trend to prohibit a lessor's insurers from recovering against negligent lessees unless the rental contract clearly expresses a contrary intent, rather than to apply a rule of strict construction. It is, thus, the trend to relieve the lessee from liability for fire damage caused by his or her own negligence where the circumstances lead the court to conclude the parties intended such a result. In fact, the intent of the parties is the primary factor considered CT Page 6440 by the courts in construing fire exemption clauses. As to fire insurance, the trend has been to find that the fire insurance has been obtained for the mutual benefit of landlord and lessee. If a landlord has agreed to carry the insurance for the benefit of both parties, the subrogated insurer may not sue the tenant for damage resulting from the tenant's negligence. Some courts exempting negligent lessee's from subrogation actions presume that any insurance is for the mutual benefit of the parties, even if there is no express promise within the contract to purchase the insurance, absent some clearly expressed contrary intent. It is said that the tenant stands in the shoes of the insured landlord only for the limited purpose of defeating a subrogation claim. Thus, where a landlord and tenant are coinsured, the landlord's insurance company does not have a right of subrogation against the tenant . . . ." 49 Am.Jur.2d, Landlord and Tenant § 481 (1995).
Moreover, "[t]he great majority of courts which have addressed this issue have held that, absent an express agreement to the contrary, a tenant is an implied co-insured under the landlord's fire policy and subrogation is barred. See, e.g., Tatev. Trialco Scrap, Inc., 745 F. Sup. 458 (M.D.Tenn. 1989) [aff'd 908 F.2d 974 (1990)]; Alaska Insurance Co. v. RCA AlaskaCommunications, Inc., 623 P.2d 1216 (Alaska 1981); Liberty MutualFire Insurance Co. v. Auto Spring Supply Co., 59 Cal.App.3d 860,131 Cal.Rptr. 211 (1976) . . . New Hampshire InsuranceGroup v. Labombard, 155 Mich. App. 369, 399 N.W.2d 527 [leave to appeal denied, 428 Mich. 911] (1986); Safeco Insurance Co. v.Capri, 101 Nev. 429, 705 P.2d 659 (1985); Sutton v. Jondahl,532 P.2d 478 (Okla.Ct.App. 1975); Fashion Place Investment, Ltd. v.Salt Lake County, 776 P.2d 941 (Utah Ct.App. 1989), [cert. denied, 783 P.2d 53 (Utah 1989)]; Cascade Trailer Court v.Beeson, 50 Wash. App. 678, 749 P.2d 761 (1988)." Community CreditUnion of New Rockford, North Dakota v. Homelvig, 487 N.W.2d 602,603 (N.D. 1992). "Basic equity and fundamental justice upon which the equitable doctrine of subrogation is established requires that when fire insurance is provided for a dwelling it protects the insurable interests of all joint owners including the possessory interests of a tenant absent an express agreement by the latter to the contrary. The company affording such coverage should not be allowed to shift a fire loss to an occupying tenant even if the latter negligently caused it . . . ." Id., quotingSutton v. Jondahl, supra, 532 P.2d 482. Where there is no agreement between the parties regarding liability for negligence or maintenance of fire insurance, a tenant is presumed to be a CT Page 6441 coinsured of the landlord absent an express agreement between them to the contrary. GNS Partnership v. Fullmer, 873 P.2d 1157,1161-63 (Utah Ct.App. 1994), citing United Fire Casualty Co.v. Bruggeman, 505 N.W.2d 87, 89 (Minn.Ct.App. 1993); CascadeTrailer Court v. Beeson, supra, 749 P.2d 761, 762.
Nevertheless, the court notes, that this modern trend is not universally accepted and some courts have held that an insurer has a right of subrogation against a tenant who negligently causes fire damage to a landlord's premises. See, e.g., RegentInsurance Company v. Economy Preferred Insurance Company,749 F. Sup. 191, 195 (C.D.Ill. 1990) ("the tenant is only a co-insured when there is something in the lease which can be interpreted as exonerating him from his own negligence . . . [therefore] in the absence of an express agreement to the contrary, a tenant is liable for the damages to the leased premises resulting from his failure to exercise due care."); FireIns. Exchange v. Geekie, 128 Ill.Dec. 616, 179 Ill. App.3d 679,534 N.E.2d 1061, 1062, cert. denied, 545 N.W.2d 109 (1989) (in the absence of express agreement to contrary, a tenant can be held liable for his own negligence in a causing fire, therefore, the landlord's insurer can maintain a subrogation action against a tenant); Bannock Building Co. v. Sahlberg, 126 Idaho 545,887 P.2d 1052, 1056 (1994) ("we do not adopt the broader rule of other jurisdictions that absent an agreement to the contrary, a landlord obtains insurance that is held for the benefit of both landlord and tenant, thereby giving the tenant the status of co-insured, and thereby prohibiting subrogation against the tenant. Rather, we hold that on a case-by-case basis, the trier of fact must focus on the terms of the lease agreement itself to determine what the reasonable expectations of the parties were as to who should bear the risk of loss for fire damage to the leased premises.").
In the present case there is no express lease provision stating that the tenant is liable to the landlord's insurer in the event that the tenant negligently causes fire damage to the rented premises. Here the fire was caused by the negligence of the defendant tenant's fifteen year old son when the kitchen caught fire while he was cooking french fries. The lease under which the defendant had a tenancy in the subject premises does not contain any provision relative to a fire insurance subrogation claim in the event of a fire. The court finds from the evidence that there was no intent between the plaintiff owner Dominic Ciaramella and the defendant tenant Steven Cahill that CT Page 6442 the tenant would be liable for a fire insurance subrogation claim in the event of a fire such as occurred. The plaintiff Dominic Ciaramella testified that he was not aware that Great American commenced this lawsuit until shortly before trial.
Based on the facts in this case this court believes that the correct law on this issue is set forth in those cases which hold that absent an express agreement to the contrary, a tenant is an implied co-insured under the landlord's fire policy and subrogation is barred. Therefore the court finds that the plaintiffs have failed to sustain their burden of proof on their complaint as they have no right of subrogation against the defendant Steven Cahill for monies paid as a result of the subject fire. Therefore it is unnecessary for the court to discuss the damage claims of the plaintiffs.
Judgment shall enter for the defendant.
William J. Sullivan, Judge