[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #108
The plaintiff, Vincent Malerba, Jr., owns the property located at 155 Smith Street in Derby, Connecticut (premises). Pursuant to a written lease, dated June 1, 1991 (lease), the plaintiff leased the second floor apartment at the premises to the defendants, Jeffrey M. Smith and Sheryl Cotier. After the lease expired on June 30, 1992, and at all times relevant to this action, the defendants continued to reside on the premises as month-to-month tenants. Thereafter, on January 13, 1997, the premises were damaged by a fire that originated in the defendants' apartment. The plaintiff alleges that the fire was caused by the defendants' negligence in permitting combustible items to come into contact with an electric baseboard heater that ignited and caused the fire to spread to surrounding combustibles. CT Page 11052
Because the court finds that this is in fact a subrogation action on behalf of the named insurer, despite only the landlord being named as plaintiff, Danbury Insurance Company (Danbury); see Plaintiffs Answers to Defendant's Request for Admissions, no. 8; the sole issue presently before the court is whether the tenant-defendants are presumed to be co-insureds of the plaintiffs fire insurance policy. If they are, an action in the nature of subrogation, will not lie.
On November 27, 1998, the plaintiff commenced this action against the defendants to recover damages for losses allegedly incurred by the fire. On January 7, 1999, the defendants filed an answer and special defenses. The tenant-defendants now move for summary judgment on the ground that because they are implied insureds under the landlord-plaintiffs insurance policy, the insurer has no right of subrogation against them. In opposition to the motion, the plaintiff concedes that as a general rule a landlord's fire insurer has no right of subrogation against a tenant for fire loss because, without an express agreement holding a tenant liable for his negligence, a tenant is an implied co-insured for subrogation purposes. The plaintiff argues, however, that there is an exception to the rule which is applicable in the present case. Notably, the plaintiff argues that because there is an express agreement within the lease providing that the tenant will be held liable for his negligence, the defendants are responsible for any damages that result from their conduct. The plaintiff argues that the relevant lease provision provides that the tenant agreed "to repair all injury done so as to restore the apartment to its previous state." (See Lease, paragraph 22.)
Although there is no appellate authority, several Superior Court decisions have addressed the issue presently before the court. See RoyalIns. Co. v. Saloomey, Superior Court, judicial district of Hartford at Hartford, Docket No. 572377 (November 2, 1999, Hennessey, J.); GreatAmerican Ins. Co. v. Cahill, Superior Court, judicial district of New Haven, Docket No. 372249 (June 24, 1997, Sullivan, J.) (20 Conn.L.Rptr. 79, 80); Aetna Life Casualty v. Mark, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 702459 (July 21, 1993, Hennessey, .J.). "There is no right of subrogation for an insurer against either one who is covered as a named insured in relation to the loss at issue, or any party who is covered as an additional insured in relation to that loss. Thus, an insurer's subrogation interest usually is limited to rights an insured may have against third persons — that is, persons who are not parties to or beneficiaries of the insurance relationship that gives rise to the subrogation claim by an insurer." Aetna Life Casualty v. Mark, supra, Superior Court, Docket No. 702459. CT Page 11053
"[T]he great majority of courts which have addressed this issue have held that, absent an express agreement to the contrary, a tenant is an implied co-insured under the landlord's fire policy and subrogation is barred. . . . Basic equity and fundamental justice upon which the equitable doctrine of subrogation is established requires that when fire insurance is provided for a dwelling it protects the insurable interests of all joint owners including the possessory interests of a tenant absent an express agreement by the latter to the contrary. The company affording such coverage should not be allowed to shift a fire loss to an occupying tenant even if the latter negligently caused it. . . ." (Citations omitted; internal quotation marks omitted.) Great American Ins. Co. v.Cahill, supra, 20 Conn.L.Rptr. 80. "Unless there is an express agreement to the contrary, a tenant is an "implied co-insured' under the landlord's insurance policy, and the insurance company may not, therefore, bring an action for subrogation against the tenant." RoyalIns. Co. v. Saloomey, Superior Court, judicial district of Hartford at Hartford, Docket No. 572377 (November 2, 1999, Hennessey, J.).
"[I]t is the modern trend to prohibit a lessor's insurers from recovering against negligent lessees unless the rental contract clearly expresses a contrary intent, rather than to apply a rule of strict construction. It is, thus, the trend to relieve the lessee from liability for fire damage caused by his or her own negligence where the circumstances lead the court to conclude the parties intended such a result. In fact, the intent of the parties is the primary factor considered by the courts in construing fire exemption clauses. As to fire insurance, the trend has been to find that the fire insurance has been obtained for the mutual benefit of landlord and lessee. If a landlord has agreed to carry the insurance for the benefit of both parties, the subrogated insurer may not sue the tenant for damage resulting from the tenant's negligence. Some courts exempting negligent lessee's from subrogation actions presume that any insurance is for the mutual benefit of the parties, even if there is no express promise within the contract to purchase the insurance, absent some clearly expressed contrary intent. It is said that the tenant stands in the shoes of the insured landlord only for the limited purpose of defeating a subrogation claim. Thus, where a landlord and tenant are coinsured, the landlord's insurance company does not have a right of subrogation against the tenant . . . (Internal quotation marks omitted.) Great American Ins. Co. v. Cahill, supra, 20 Conn.L.Rptr. 80.[1]
In the present case, at the time the fire occurred, the defendants were month-to-month tenants subject to the terms and conditions of the lease. The court finds that the lease does not contain an express agreement between the parties stating that the defendants may be liable for any losses that result from their own negligence. Contrary to the plaintiffs CT Page 11054 assertions, the mere statement that the defendants "agree to repair all injury done so as to restore the apartment to its previous state,"[2]
fails to overcome the presumption that the defendants' are co-insureds of the plaintiffs fire insurance policy. Indeed, paragraph 20 of the lease provides: "I agree that it is my obligation to insure my personal property against loss from casualty or fire. I will comply with all rules and regulations contained in any fire insurance policy upon the premises as related to me by you. In this regard, I agree not to do or permit anything to be done that will increase your rate of insurance." Based upon the express provisions of the lease, the court concludes that it was the parties' intent that the plaintiffs fire insurance policy cover the premises and that it was the defendants' obligation to insure their personal property against loss from casualty or fire. See Lease, paragraph 20. Thus, the defendants must be deemed to be implied co-insureds of the plaintiffs fire insurance policy. Because this is a subrogation action brought on behalf of the plaintiffs named insured, Danbury; see Plaintiff's Responses to Defendants' Requests for Admissions, no. 8; the plaintiff is not entitled to recover damages against the defendants. SeeGreat American Ins. Co. v. Cahill, supra, 20 Conn.L.Rptr. 80.
Based upon the foregoing, the defendants' motion for summary judgment is granted.
NADEAU, J.