[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action brought by the St. Paul Fire and Marine Insurance Company a/s/o Leonard Feroleto against the defendant and Robert Durr d/b/a Robert Durr Tax.
The claim is actually a subrogation action brought by a the plaintiff insurance company to collect fire damage to the premises which was rented by the defendant from its insured, Leonard Feroleto.
The allegations are that the defendant discarded a lit cigarette into a wastebasket filled with paper causing a fire and subsequent damages in the amount of $85,748.47.
The defendant has moved for a summary judgment on the basis that the plaintiff's subrogation action is barred by the doctrine that tenants are co-insureds under a landlord's fire insurance policy and therefore may CT Page 10217 not be sued for their negligence as they are an insured under the policy.
This holding was first adopted in Sutton v. Jondahl, 532 P.2d 478
(Okla.Ct.App. 1975); which held that a tenant should be deemed an additional insured under a landlord's fire insurance policy and, therefore, the insurance company may not bring a subrogation action against the tenant for fire loss allegedly caused by the tenant's negligence.
A majority of states have adopted the "Sutton doctrine", concluding that absent an express agreement to the contrary, a tenant is an implied co-insured under a landlord's fire policy and subrogation is barred.
"See, e.g., Tate v. Trialco Scrap, Inc., 745 F. Sup. 458 (M.D.Tenn. 1989) [aff'd 908 F.2d 974 (1990)]; Alaska Insurance Co. v. RCA AlaskaCommunications, Inc., 623 P.2d 1216 (Alaska 1981); Liberty Mutual FireInsurance Co. v. Auto Spring Supply Co., 59 Cal.App.3d 860,131 Cal.Rptr. 211 (1976) . . . New Hampshire Insurance Group v.Labombard, 155 Mich. App. 369, 399 N.W.2d 527 [leave to appeal denied,428 Mich. 911] (1986); Safeco Insurance Co. v. Capri, 101 Nev. 429,705 P.2d 659 (1985); Sutton v. Jondahl, 532 P.2d 478 (Okla.Ct.App. 1975); Fashion Place Investment, Ltd. v. Salt Lake County, 776 P.2d 941
(Utah Ct.App. 1989), [cert. denied, 783 P.2d 53 (Utah 1989)]; CascadeTrailer Court v. Beeson, 50 Wash. App. 678, 749 P.2d 761 (1988)." CommunityCredit Union of New Rockford, North Dakota v. Homelvig, 487 N.W.2d 602,603 (N.D. 1992). "Basic equity and fundamental justice upon which the equitable doctrine of subrogation is established requires that when fire insurance is provided for a dwelling it protects the insurable interests of all joint owners including the possessory interests of a tenant absent an express agreement by the latter to the contrary. The company affording such coverage should not be allowed to shift a fire loss to an occupying tenant even if the latter negligently caused it. . . ." Id., quotingSutton v. Jondahl, supra, 532 P.2d 482. "Where there is no agreement between the parties regarding liability for negligence or maintenance of fire insurance, a tenant is presumed to be a coinsured of the landlord absent an express agreement between them to the contrary. GNS Partnershipv. Fullmer, 873 P.2d 1157, 1161-63 (Utah Ct.App. 1994), citing UnitedFire Casualty Co. v. Bruggeman, 505 N.W.2d 87, 89 (Minn.Ct.App. 1993); Cascade Trailer Court v. Beeson, supra, 749 P.2d 761, 762." GreatAmerican Ins. v. Cahill, Superior Court, judicial district of New Haven, Docket No. 372249 (June 24, 1997, Sullivan, J.) (20 Conn. L. Rptr. 79).
While there has been no Connecticut appellant decisions addressing this issue, there have been four lower court opinions which have adopted the initial findings of Judge Hennessy in Aetna Life Casualty v. Mark, CT Page 10218 Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 702459 (July 21, 1993, Hennessey, J.).
"[T]he modern trend of authority holds that the lessor's insurer cannot obtain subrogation against the lessee, in the absence of an express agreement or lease provision establishing the lessee's liability, because the lessee is considered a co-insured of the lessor for the purpose of preventing subrogation; the parties are co-insureds because of the reasonable expectations they derive from their privity under the lease, their insurable interests in the property, and the commercial realities under which lessors insure leased premises and pass on the premium cost in rent and under which insurers make reimbursement for fires negligently caused by their insured's negligence. . . . 6A J. Appleman S. Liebo, Appleman's Insurance Law and Practice § 4055 (Supp. 1992)." DiLullov. Joseph, Superior Court, judicial district of Litchfield at Litchfield, Docket No. 082073 (April 24, 2001, Cremins, J.) (29 Conn. L. Rptr. 467); Malerba v. Smith, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 064749 (September 12, 2000, Nadeau, J.) (28 Conn. L. Rptr. 39); Royal Ins. Co. v.Saloomey, Superior Court, judicial district of Hartford Docket No. 572377 (November 3, 1999, Hennessey, J.) (25 Conn. L. Rptr. 661);Great American Ins. Co. v. Cahill, Superior Court, judicial district of New Haven, Docket No. 372249 (June 24, 1997, Sullivan,J.) (20 Conn. L. Rptr. 79). See also, 6A Appleman and Appleman, Appleman's, Insurance Law and Practice, § 4055 (Supp. 2001).
The plaintiff claims that the written lease between the tenant and named insured contains clauses which obligated the tenant to be responsible for the fire loss. In fact, the lease is a standard form lease which requires the tenant to maintain the property and avoid damage to the house or the furnishings. There is no reference in the lease which references an obligation on the part of the tenant to the landlord's insurer in the event the tenant's negligence is the cause of a fire.
This court finds that the defendant tenant was an implied co-insured under the landlord's fire insurance policy and further that there was absent an express agreement in the lease establishing the tenant's liability to the insurance carrier for the negligent causation of a fire.
Accordingly, the subrogation claim is barred and summary judgment is granted on behalf of the defendant.
RICHARD P. GILARDI JUDGE OF THE SUPERIOR COURT CT Page 10219