OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
A contractor named with the State as parties insured “as their interests may appear” in builder’s all-risk insurance policies procured by the State, and who is obligated under its contract with the State to repair or replace any damage to the building without cost to the State, is an insured under such policies with respect to damage to the building by windstorm, a covered risk. That a contributing cause of the loss may have been negligence on the part of the contractor, a risk covered by the contractor’s comprehensive general liability policy, does not affect the obligation of the insurers to the contractor under the builder’s all-risk policies.
It follows that the insurers under the all-risk policies may not recover from the contractor in a subrogation action. Tishman Co. v Carney & Del Guidice (34 NY2d 941) is not to the contrary. It held only that under the policy involved in that case the subcontractor’s insurable interest “was limited to its property interest in the building under construction — i.e., the tools, labor and material furnished or owned by the defendant” and that the insurer’s subrogation action was, therefore, maintainable because “no part of the damages alleged by the plaintiff in this litigation was for destruction of any property owned or furnished by the defendant” {id., pp 942-943). Here the contrary is the fact.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
Order affirmed, with costs, in a memorandum.