SAFECO INSURANCE COMPANY, Appellant, *v.* RICHARD CAPRI, Individually, and Doing Business as RACE, INC., a Nevada Corporation, Respondent.

No. 15894

August 27, 1985 705 P.2d 659

*Harding & Dawson* and *Frederick S. Geihs,* Las Vegas, for Appellant.

*Michael R. Zervas,* Las Vegas, for Respondent.

# OPINION

*Per Curiam:*

The appellant in this case, Safeco Insurance Company (Safeco), appeals to this Court contending the lower court improperly granted respondent's motion for summary judgment. We disagree. For the following reasons, we affirm the district court's order.

On July 1, 1977, Richard Capri (Capri) and Patrick J. and Bonnie Friel entered into a five-year lease agreement regarding the business known as Valley Cycle, located at 6029 West Charleston, Las Vegas, Nevada. Pursuant to the lease, Capri was the lessee and the Friels were the lessors.

On June 14, 1979, Capri began welding rebar to a fence on the leased premises. A piece of hot slag from a welding rod dropped off onto a box and immediately caught fire. The wind, blowing south to north at approximately 20 to 30 miles per hour, blew the fire northward into an accumulation of trash and then onto the leased building. The resulting damage to the building was repaired at a cost of $16,546.60.

Safeco issued its fire insurance policy to the Friels covering the subject property. This policy was in full force and effect on the day of the fire. Accordingly, Safeco covered the fire loss. Thereafter, Safeco filed a subrogation action against Capri and moved for summary judgment, asserting Capri was negligent as a matter of law in causing the fire. Capri opposed the motion and filed a cross-motion for summary judgment asserting the lease as a defense to the subrogation claim notwithstanding Capri's negligence. Safeco likewise opposed Capri's motion. The trial court granted Capri's motion for summary judgment. This appeal ensued.

Safeco contends that the lower court erred in construing the

lease agreement between Capri and Safeco's insureds as exculpating Capri from liability for the fire damage to the leased premises. Safeco asserts that although the Friels, as landlords, agreed to maintain fire insurance on the leased premises, such an agreement did not exempt Capri, as lessee, from liability for damage caused by his negligence. We disagree and affirm the district court's decision.

It is well established that "an insurer cannot recover by means of subrogation against its own insured." *See* Alaska Insurance Company v. RCA Alaska Commun., 623 P.2d 1216 (Alaska 1981). Hence, if Capri is considered a co-insured of the Friels then Safeco cannot exercise a right of subrogation against Capri. Absent an express provision in the lease establishing the tenant's liability for loss from negligently started fires, courts find that the premises insurance was obtained for the mutual benefit of both parties and that the tenant "stands in the shoes of the insured landlord for the limited purpose of defeating a subrogation claim." Rizzuto v. Morris, 592 P.2d 688, 690 (Wash.App. 1979); *see also,* Liberty Mutual Fire Insur. Co. v. Auto Spring Sup. Co., 131 Cal.Rptr. 211 (App. 1976); Alaska Ins. Co., *supra,* 623 P.2d at 1218.

The lease in the present case provided that the lessee (Capri) was to maintain the premises and surrender it in good condition, "damage by the elements" excepted. Safeco opines that such an exception did not exempt fire caused by negligence. Nevertheless, other than the above quoted exception, there is no express provision in the lease establishing Capri's liability for negligently started fires. Moreover, the lease agreement specifically provides that the landlord is to maintain fire insurance. The Court has held that "[a]ny ambiguity or uncertainty in an insurance policy must be resolved against the insurer and in favor of the insured." Nat'l Union Fire Ins. v. Reno's Exec. Air, 100 Nev. 360, 682 P.2d 1380 (1984). Accordingly, under the facts of this case, Capri is a co-insured of the landlord for the purpose of defeating Safeco's subrogation claim. *See* Sutton v. Jondahl, 532 P.2d 478 (Ok.App. 1975).

In *Nat'l Union Fire Ins., supra,* 682 P.2d 1380, this Court held an insurance policy should be construed so as to effectuate the reasonable expectations of the insured. The above cited decisions articulate several reasons why the reasonable expectations of both the insured and the insurer are satisfied when a tenant is considered a co-insured of the landlord absent an express agreement to the contrary.

It is not uncommon for the lessor to provide fire insurance on the leased property. As a matter of sound business practice, the

premium to be paid had to be considered in establishing the rental rate. Also, such premiums would be chargeable against the rent as an overhead or operating expense. Accordingly, the tenant actually paid the premium as part of the monthly rental. *Sutton, supra,* 532 P.2d at 482. Courts therefore consider it to be an undue hardship to require a tenant to insure against his own negligence, when he is paying, through his rent, for the fire insurance which covers the premises. Rock Springs Realty, Inc. v. Waid, 392 S.W.2d 270, 278 (Mo. 1965).

Moreover, insurance companies expect to pay their insureds for negligently caused fires and adjust their rates accordingly. In this context, an insurer should not be allowed to treat a tenant, who is in privity with the insured landlord, as a negligent third party when it could not collect against its own insured had the insured negligently caused the fire. Monterey Corp. v. Hart, 224 S.E.2d 142, 146 (1976). The *Sutton* court stated that by not extending fire insurance to the insurable interest of the occupying tenant is to ignore the realities of urban apartment and single-family dwelling renting. *Supra,* 532 P.2d at 482. The court continued by stating:

> Prospective tenants ordinarily rely upon the owner of the dwelling to provide fire protection for the realty (as distinguished from personal property) absent an express agreement otherwise. Certainly it would not likely occur to a reasonably prudent tenant that the premises were without fire insurance protection or if there was such protection it did not inure to his benefit and that he would need to take out another fire policy to protect himself from any loss during his occupancy. Perhaps this comes about because the companies themselves have accepted coverage of a tenant as a natural thing. Otherwise their insurance salesmen would have long ago made such need a matter of common knowledge by promoting the sale to tenants of a second fire insurance policy to cover the real estate.

This same philosophy was expressed in Keeton, *Insurance Law* § 4.4(b) at 210 (1971):

> Probably it is undesirable, from the point of view of public interest, that the risk of loss from a fire negligently caused by a lessee be upon the lessee rather than the lessor's insurer. Allowing the lessor's insurer to proceed against the lessee is surely contrary to expectations of persons other than those who have been exposed to this bit of law either during negotiations for a lease or else after a loss . . . [P]erhaps [the courts] should at least adopt a rule against allowing the lessor's insurer to proceed against the lessee when lease

provisions are ambiguous in this regard and the insurance policy is silent or ambiguous.

The *Rizzuto* court concluded that if the lessors did not expect to cover the lessee under their policy, then they should have expressly notified the lessee of the need for a second policy to cover its interest. "Since they failed to do so, they have no cause of action against the lessee for the fire damage, and the insurance company has no right of subrogation." *Supra*, 592 P.2d at 691. The parties to this appeal likewise could have agreed that the respondent was to maintain fire insurance, yet they did not. Respondent's natural expectancy was that any fire damage would be fully covered by insurance acquired by the landlord. The weight of authority establishes that since the lease agreement does not clearly establish the tenant's liability for fire loss caused by his own negligence, the tenant is, for the limited purpose of defeating an insurer's subrogation claim, an implied coinsured of the landlord. Accordingly, Safeco's additional contention that the lower court erred in not finding Capri negligent as a matter of law is irrelevant and need not be addressed because the law would preclude Safeco from recovering in any event.

We have considered the appellant's arguments and reviewed the record and conclude that there are no material issues of fact that need to be determined in this case and respondent was entitled to a judgment as a matter of law. *See* Hughes Properties v. State of Nevada, 100 Nev. 295, 680 P.2d 970 (1984); NRCP 56(c). We therefore affirm the lower court's order granting respondent's motion for summary judgment.