■ IRENE DUELL et al., as Executors, et al., Appellants, v GREATER NEW YORK MUTUAL INSURANCE Co. et al., Respondents.—Order, Supreme Court, New York County (Edward J.

Greenfield, J.), entered February 14, 1990 which granted the defendants' motion for summary judgment dismissing the complaint pursuant to CPLR 3212, unanimously reversed, on the law, the complaint reinstated and the motion denied with costs.

Plaintiffs (collectively "Landlord") of a building known as 949 Park Avenue in Manhattan, brought this action to recover damages against defendant-attorneys arising from alleged malpractice committed by them in defense of an action brought by an art gallery tenant ("Tenant") in Landlord's building who recovered a judgment against Landlord upon a jury verdict in the approximate sum of $77,000. That recovery was based upon Landlord's negligence in causing or permitting an infusion of water into Tenant's art gallery. Numerous acts of professional negligence in the unsuccessful defense of that lawsuit are alleged, many of which appear to raise triable issues. One of these acts consists of allegations that although the lease between Landlord and Tenant (para 36) required Tenant to provide $100,000 of property damage insurance naming both Landlord and Tenant as the insured, Tenant never performed this obligation. Because defendants omitted to allege this breach of lease by Tenant in Landlord's answer, the trial court precluded any testimony or other reference thereto throughout the trial. Another specification of negligence is that counsel carelessly elicited misleading testimony that Landlord was insured for the loss (which it was not); because of Tenant's breach, Landlord had only excess coverage for property damage over $100,000 at the time Tenant's cause of action accrued.

The motion court recognized the principle that a plaintiff in a legal malpractice action must show that but for his attorney's negligence he would have prevailed on the underlying claim, citing *Romanian Am. Interests v Scher* (94 AD2d 549). In that connection, the motion court did not hold that this defense relating to Tenant's breach of lease could not have prevailed as a matter of law *(cf., Kerson Co. v Shayne, Dach, Weiss, Kolbrenner, Levy,* 45 NY2d 730). (Clearly a jury, if such proof were adduced before it, might have rationally concluded that the proximate cause of Tenant's loss was its own default, irrespective of Landlord's negligence.) Nonetheless the court erroneously concluded that the defense, even if properly interposed, would have made no difference, inasmuch as the insurance carrier, after paying Tenant's judgment, would have had the right to recover its loss against Landlord by way of subrogation and indemnification.

This was error. "It is a well-established principle of insurance law, however, that the right of subrogation exists only with respect to the rights of the insured against third persons and that there is no right of subrogation in favor of the insurer against its own insured (16 Couch, Insurance 2d, § 61:133; 6A Appleman, Insurance Law and Practice, § 4055; 2 Richards, Insurance [5th ed], § 185)." *(New York Bd. of Fire Underwriters v Trans Urban Constr. Co.,* 91 AD2d 115, 120, *affd* 60 NY2d 912.) Here, of course, had the lease been complied with, Landlord would have been a named insured under the policy, with no exposure to a subrogation action by its own carrier.

Thus plaintiffs' malpractice claim is not subject to defeat as a matter of law on the ground that the alleged negligence bears no relation to the loss sustained. The question presents a triable issue, requiring reversal of the order appealed from. Concur—Carro, J. P., Wallach, Ross, Kassal and Rubin, JJ.