■ LIGHTING HORIZONS, Plaintiff, v SOLOMON R. GUGGENHEIM FOUNDATION et al., Defendants, et al., Third-Party Plaintiff, et al., Third-Party Defendants. SOLOMON R. GUGGENHEIM FOUNDATION, Fourth-Party Plaintiff-Respondent, v ROYAL INSURANCE COMPANY OF AMERICA, Fourth-Party Defendant-Appellant-Respondent, A&V CONTRACTING Co., Fourth-Party Defendant-Respondent-Appellant, and GEORGE A. FULLER COMPANY, Fourth-Party Defendant-Respondent, et al., Fourth-Party Defendants. [614 NYS2d 132] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered February 7, 1994, which, *inter alia,* denied Royal Insurance's ("Royal") motion for summary judgment dismissing the fourth-party complaint, denied Royal's cross-motion for dismissal of the cross-claim asserted by A&V Contracting ("A&V"), dismissed Royal's cross-claims seeking subrogation as against A&V, and which denied portions of A&V's motion for partial summary judgment, unanimously affirmed, without costs.

The IAS Court properly determined that there exist questions of fact as to when the fire loss and damage became known to Guggenheim's " 'Home Office Insurance Department' ", when said department reported the loss of damage " 'with full particulars to Johnson & Higgins,' " Guggenheim's insurance broker, and whether said reporting occurred " '[a]s soon as practicable' " after the Home Office Insurance Department acquired said knowledge *(Security Mut. Ins. Co. v Acker-Fitzsimons Corp.,* 31 NY2d 436; *Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12, 19). There are also questions of fact, which may be material as to whether A&V timely notified Royal of the damage. We also note that since A&V is an additional insured under the Royal policy, Royal

cannot recover over and against A&V in subrogation *(see, New York Bd. of Fire Underwriters v Trans Urban Constr. Co.,* 91 AD2d 115, 120, *affd* 60 NY2d 912).

We have considered all other claims and find them to be meritless. Concur—Rosenberger, J. P., Ellerin, Ross, Rubin and Nardelli, JJ.