■ USAA Casualty Insurance Company, as Subrogee of John J. Schaefer, Appellant, v Larry W. Brown, Also Known as William L. Brown, Respondent. [614 NYS2d 571] —In an action to recover damages allegedly paid under a homeowners' contract of insurance, the plaintiff insurer appeals from a judgment of the Supreme Court, Nassau County (McGinity, J.), entered August 24, 1992, which, after a nonjury trial, dismissed the complaint.

Ordered that the order is affirmed, with costs.

In May 1989, the USAA Casualty Insurance Company (hereinafter USAA) commenced this action, purportedly as the subrogee of John J. Schaefer, to recover $23,558.50 for damages caused by fire to premises owned by Schaefer and leased to the defendant tenant. The complaint alleged that the tenant was "negligent and careless in causing, permitting and allowing dangerous and unsafe conditions to exist such that a fire could result". There is no allegation in the complaint as to the insureds under the policy or of payment; nor was the policy or adequate proof of payment produced at trial. The court granted the tenant's motion to dismiss the complaint based, *inter alia,* on USAA's failure to establish its right of subrogation.

The rights of an insurer as equitable subrogee against a third party are derivative and limited to those rights which the insured would have had against the third party for the latter's default or wrongdoing *(see, Federal Ins. Co. v Andersen & Co.,* 75 NY2d 366, 372). Thus, the insurer can only recover if the insured could have recovered and the insurer's claim as subrogee is subject to whatever defenses the third party might have asserted against the insured *(see, Federal Ins. Co. v Andersen & Co., supra).* We agree with the court that USAA failed to establish that it had subrogation rights against the tenant. That a contributing cause of the loss may have been the tenant's negligence, a risk apparently covered under the unproduced policy of insurance, does not affect the obligation of the insurer to the tenant, apparently a coinsured, under the policy *(see, New York Bd. of Fire Underwriters v Trans Urban Constr. Co.,* 60 NY2d 912; 6A Appleman, Insurance Law and Practice § 4055, at 77-78 [1993 Supp]). Thompson, J. P., Balletta, O'Brien and Florio, JJ., concur.