THE LEXINGTON INSURANCE COMPANY *vs.* ALL REGIONS
CHEMICAL LABS, INC., & another.[1]

Hampden. December 7, 1994. - March 14, 1995.

Present: LIACOS, C.J., ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Practice, Civil*, Summary judgment. *Insurance*, Property damage, Subrogation. *Subrogation. Landlord and Tenant*, Lease as contract. *Contract*, Construction of contract.

An insurer, subrogated to the rights of its insured against the insured's former tenants whose negligence allegedly caused the insured's property to be destroyed by fire, was not entitled to maintain an action against the tenants to recover its payments to its insured, where a "yield-up" clause in the lease excepted the lessees from liability to the lessor for damage to the premises caused by fire. [713-714] O'CONNOR, J., dissenting.

CIVIL ACTIONS commenced in the Superior Court Department and in the Hampden Division of the Housing Court Department on June 12, 1991.

The cases were consolidated and motions for summary judgment were heard by *William H. Abrashkin*, J., sitting under statutory authority.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Robert G. Eaton* for the plaintiff.

*William P. Hadley* for the defendants.

NOLAN, J. The Lexington Insurance Company (Lexington) issued a property damage and loss insurance policy covering premises owned by Henry R. DeLeo and Carlo S. Rovelli, as partners in D&R Realty Co. As a result of a fire to the premises at One Allen Street, in Springfield, Lexing-

---

[1] Armory Distributors, Inc.

ton paid D&R for the fire damage and loss of rents. Lexington, subrogated to the rights of D&R, now seeks to recover that payment from two tenants of D&R, All Regions Chemical Labs, Inc. (doing business as Advanced Laboratories, Inc.), and Armory Distributors, Inc. (the tenants).

To Lexington's complaint the tenants filed various motions for summary judgment and Lexington filed cross motions for summary judgment in its favor. Summary judgment was entered for the tenants and Lexington appealed. We transferred the case to this court on our own motion. We affirm.

A motion for summary judgment should be allowed if there is no genuine issue of material fact and if the party seeking it is entitled to a judgment as a matter of law. Mass. R. Civ. P. 56 (c), 365 Mass. 824 (1974). *Cassesso* v. *Commissioner of Correction*, 390 Mass. 419, 422 (1983). The sole issue is the propriety of the judgment for the tenants.

Lexington is suing as subrogee of the rights of D&R to whom it paid the loss and has any right that D&R had against the tenants. See *New England Gas & Elec. Ass'n* v. *Ocean Accident & Guarantee Corp.*, 330 Mass. 640, 659 (1953). Hence, the issue is what right, if any, does D&R have against the tenants, arising from the losses incurred as a result of a fire in the leased premises, allegedly due to the negligence of the tenants? Among other matters, in the lease between D&R and the tenants there is a so-called "yield-up" clause which provides in pertinent part that at the expiration of the lease tenants will "peaceably yield up the Demised Premises . . . in the same condition and repair as the same were in at the commencement of the term . . . damage by fire or other casualty . . . only excepted."

The interpretation of a written contract or lease is a question of law, not of fact. *Allstate Ins. Co.* v. *Bearce*, 412 Mass. 442, 446-447 (1992). A contract should be construed in such a way that no word or phrase is made meaningless by interpreting another word or phrase, because the interpretation should favor a valid and enforceable contract or lease rather than one of no force and effect. See *Shayeb* v. *Holland*, 321 Mass. 429, 432 (1947). .

We have held that a yield-up clause shields a lessee from contract liability to the lessor for fire loss or damage caused by negligence. See *Slocum* v. *Natural Prods. Co.*, 292 Mass. 455, 456-457 (1935). Therefore, the tenants are protected from liability to their lessor, D&R, and to the subrogee of D&R, Lexington. This holding is consistent with the law in most other jurisdictions. See, e.g., *Safeco Ins. Co.* v. *Capri*, 101 Nev. 429, 430-431 (1985) (yield-up clause makes tenant coinsured with lessor). If D&R intended to exclude from its lease with the tenants fires negligently caused, it could have inserted such a limitation. It did not do so. See *New Hampshire Ins. Group* v. *Labombard*, 155 Mich. App. 369 (1986). The judge concluded that the tenants were coinsureds with D&R and we agree. See *Lumber Mut. Ins. Co.* v. *Zoltek Corp.*, *ante* 704 (1995), decided today.

Accordingly, the summary judgment for the tenants and the denial of summary judgment for Lexington are affirmed.

*So ordered.*

O'CONNOR, J. (dissenting). In *Lumber Mut. Ins. Co.* v. *Zoltek Corp.*, *ante* 704 (1995), the court held that a lessee of a building that was damaged by a fire caused by the lessee's negligence was exempt from tort liability to the lessor and therefore to the fire insurer of the building. The court relied on (1) a provision in the lease requiring the lessee to pay the lessor as additional rent a percentage of specified operating expenses including hazard and liability insurance premiums; (2) correspondence between the parties; (3) a property maintenance provision; and (4) a so-called "yield-up" clause. I dissented in that case. In the instant case, apparently relying solely on a yield-up clause similar to the one in *Lumber Mut. Ins. Co.*, *supra*, the court again concludes that the lessee is exempt from tort liability to the lessor, and therefore to the lessor's fire insurance carrier, for fire damage to the lessor's property caused by the lessee's negligence. Apparently, but without setting forth its reasoning, the court has concluded

that, when a lease contains a yield-up clause like the one in this case, the lessor and the lessee somehow become coinsureds. For all the reasons set forth in my dissent in *Lumber Mut. Ins. Co.*, *supra*, I dissent in this case.

I shall make a few brief additional comments. In its opinion in this case, the court represents that its "holding is consistent with the law in most other jurisdictions," citing *Safeco Ins. Co. v. Capri*, 101 Nev. 429, 430-431 (1985), as an example. My research persuades me that the court's holding is not consistent with the law in most other jurisdictions. No purpose would be served by extensive analysis in this opinion of the numerous relevant cases in other jurisdictions, requiring, as it would, extensive discussion of distinctions in lease provisions and in the reasoning set forth in the opinions. Unlike the present case, for instance, *Safeco Ins. Co. v. Capri*, the principal case relied on by the court in this case, involved a lease that contained a provision by which the lessor was committed to provide fire insurance. As I observed in my dissent in *Lumber Mut. Ins. Co.*, "[p]erhaps, if the lessor had contractually bound itself to obtain fire insurance on the lessor's building, a situation that has obtained in other cases throughout the country, it reasonably could be argued that that provision must have been designed to benefit the lessee by exempting the lessee from liability for its own negligence in causing fire damage to the lessor's property. However, there is no need to speculate about that in this case because, here, there is no provision in the relevant lease, or in accompanying letters, requiring the lessor . . . to purchase fire insurance." *Id.* at 709-710 (O'Connor, J., dissenting). Similarly, in this case, the lease does not contain an undertaking by the lessor to furnish fire insurance protection, and therefore it is significantly distinguishable from *Safeco Ins. Co. v. Capri, supra.*