Merrick, J.
This is an action in contract against defendant Gina Barrow Fox (“Fox”) as guarantor to recover for medical services provided to her grandmother, Hazel Barrow, by plaintiff Special Care Nursing Services, Inc. (“Special Care”). Following the entry of summary judgment in favor of Fox, Special Care filed this appeal pursuant to Dist./Mun. Cts. R. A D. A, Rule 8C.
The medical services in question were provided to Mrs. Barrow under a contract which was printed on Special Care’s letterhead and entitled “Service Agreement.” The contract recites the “Client Name” (Mrs. Barrow), the terms and rates for various services, authorization to release medical information to insurers, requirements for notice of cancellation of services and a promise not to contract directly with Special Care’s employees. In the middle of those printed provisions appear the following paragraphs 3 and 4:
3. I understand the charges, terms and conditions are subject to change by Special Care. I may, by written notice, terminate this service agreement on the effective date of such change, otherwise the new charges and/or terms shall become effective.
4. Therefore, I agree to assume responsibility for and guarantee the payment of any and all sums that become due for the stated services to the extent not paid by the insurer (s) or for services requested that are deemed not covered under Medicare or Medicaid.
Near the bottom of the printed Service Agreement, on a line next to “Signature of Client/Responsible Party,” defendant Fox signed her own name. Directly below that entry, on a line next to “Relationship to Client,” Fox wrote “grand-daughter (co-guardian).” At the very bottom of the form, Fox signed an “Authorization to Pay” which authorized “my insurer” to make payments directly to Special Care. Fox had, in fact, been appointed a guardian of Barrow by the Probate Court.
Special Care brought an earlier action in the Woburn Division of the District Court Department against Hazel Barrow for medical services rendered, and obtained a judgment in the amount of $14,775.28. In the present action, Special Care claims that Fox is liable for that judgment as a personal guarantor of the Service Agreement.
As the guardian of her grandmother, Fox was protected by G.L.C. 201, §37(a), which provides:
Unless otherwise provided in the contract, a conservator or guardian *31 shall not be individually liable on a contract properly entered into in his fiduciary capacity in the course of administration of the estate unless he failed to reveal his representative capacity and identify the estate in the contract.
As Fox revealed her representative capacity in the Service Agreement, she would not be liable “[u]nless otherwise provided” in the Service Agreement. The Agreement does not so provide.
The contract form is designed so that someone other than the patient may be the contracting party.[2] However, notwithstanding Special Care’s inclusion of the words “assume responsibility for and guarantee the payment” in paragraph 4, the contract is plainly one for services and not one of guaranty. Unlike the contract in NRF Distributors, Inc. v. U.S. Carpet, Inc., 1990 Mass. App. Div. 215, the Service Agreement contains no language which will be rendered meaningless by honoring Fox’s notation of her representative capacity. Id. at 217. See generally, Lexington Ins. Co. v. All Regions Chem. Labs, Inc., 419 Mass. 712, 713 (1995); Computer Sys. of Amer., Inc. v. Western Reserve Life Assur. Co. of Ohio, 19 Mass. App. Ct. 430, 437-438 (1985). Paragraph 4 of the Service Agreement indicates that Grandmother Barrow, or her estate, will pay the charges listed to the extent that her insurance or government benefits do not. The affidavit of Special Care’s attorney describing the Service Agreement as a guaranty is ineffective to make it so, or even to raise a question of fact on the subject. Polaroid Corp. v. Rollins Environ. Services (NJ), Inc., 416 Mass. 684, 696-697 (1993).
The judgment is affirmed.
So ordered.

 Special Care properly considered the grandmother to be the contracting party and obtained a judgment against her. The claim in this case is against Fox only as putative guarantor. Because of our decision on the guaranty issue, we need not consider Fox’s additional defense that this action is barred by a similar one between the same parties in Middlesex Superior Court, Mass. R. Civ. P., Rule 12(b) (9), or whether either party is in compliance with Dist./Mun. Cts. R. A D. A, Rule 18 regarding that issue.