**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

AMERICAN PROTECTION INSURANCE
COMPANY,
Plaintiff-Appellant,

v.

AHLSTROM KAMYR, INCORPORATED;
KAMTECH, INCORPORATED,
Defendants-Appellees,

and                                                         No. 98-2504

LAMB-GRAYS HARBOR COMPANY;
LAMB CANADA LTD/LTEE;
CONTINENTAL CONVEYOR AND
MACHINE WORKS, LIMITED,
Defendants & Third
Party Plaintiffs.

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, District Judge.
(CA-96-203, CA-97-187)

Submitted: June 16, 1999

Decided: June 28, 1999

Before WILKINSON, Chief Judge, and MURNAGHAN
and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Richard Edwin Bliss, MARGOLIS EDELSTEIN, Pittsburgh, Pennsylvania, for Appellant. Andrew G. Fusco, Jeffrey A. Ray, FUSCO & NEWBRAUGH, L.C., Morgantown, West Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

American Protection Insurance Company (APIC) appeals the district court's grant of summary judgment to Ahlstrom Kamyr, Inc., and Kamtech, Inc., in APIC's action seeking damages based on a claimed right to subrogation of insurance proceeds paid by APIC to American Fiber Resources (AFR) on account of property damage caused by a fire. We affirm.

Our review is de novo. See Causey v. Balog, 162 F.3d 795, 800 (4th Cir. 1998). Subrogation rights are derived solely from the insured party. If the insured does not have a right to recover against a third party, then the insurer-subrogee has no right to recover against the same third party. See American Sur. Co. v. Town of Islip, 48 N.Y.S. 2d 749, 751 (App. Div. 1944); see also National Union Fire Ins. Co. v. Silberman, 628 N.Y.S. 2d 126, 127 (App. Div. 1995); USAA Cas. Ins. Co. v. Brown, 614 N.Y.S. 2d 571, 572 (App. Div. 1994). We find that the right to proceed against Ahlstrom Kamyr and Kamtech for damage to AFR's property was AFR's right to waive in its contract with Ahlstrom Kamyr.

Furthermore, we find that the agreement between AFR and Ahlstrom Kamyr was unambiguous. The parties agreed that AFR would provide insurance, that Ahlstrom Kamyr and its affiliates would be listed on the insurance policy as named insureds, and that all rights

2

to subrogation for property damage would be waived. **1** Because subrogation rights for property damage were waived, the instant action is barred. <u>See Trump-Equitable Fifth Ave. v. H.R.H. Constr. Corp.</u>, 485 N.Y.S. 2d 65, 68 (App. Div. 1985), <u>aff'd</u>, 488 N.E.2d 115 (N.Y. 1985).

Accordingly, we affirm on the reasoning of the district court. <u>See American Protection Ins. Co. v. Ahlstrom Kamyr, Inc.</u>, No. CA-97-187 (N.D.W. Va. Oct. 8, 1998).**2**

<u>AFFIRMED</u>

_____

**1** We note that in APIC's policy covering AFR's property, APIC agreed that the policy would not be invalidated if AFR waived its right to recover for any loss to the property.
**2** Although the district court's order is marked as "filed" on September 29, 1998, the district court's records show that it was entered on the docket sheet on October 8, 1998. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the order was entered on the docket sheet that we take as the effective date of the district court's decision. <u>See Wilson v. Murray</u>, 806 F.2d 1232, 1234-35 (4th Cir. 1986).

3