[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
The State of Rhode Island, (Plaintiff) seeks declaratory judgment regarding the rights and responsibilities under a professional liability insurance policy issued by the Medical Malpractice Joint Underwriting Association of Rhode Island (JUA). Plaintiff also seeks equitable relief. JUA has filed a timely objection thereto. This Court has jurisdiction pursuant to G.L. 1956 § 9-30-1.
 Facts and Travel
This case arises out of Broadley v. State, et al, C.A. No. 97-0387, a medical malpractice suit currently pending in the Superior Court. Doctor Mark O'Brien, Medical Program Director of the Rhode Island Department of Mental Health, Retardation and Hospitals, was one of the many defendants named in Broadley. However, in April 2003, the trial justice in Broadley
issued an order granting a motion for certification and substitution pursuant to § 9-31-12(b), which resulted in the Plaintiff being substituted as a party and Dr. O'Brien being dismissed as a defendant. Section 9-31-12(b), which is part of the Tort Claims Act, provides that
 "upon certification by the court in which the tort action against a state employee is pending that (1) the defendant employee was acting within the scope of his or her office or employment when the claim arose, and (2) the claim does not arise out of actual fraud, willful misconduct, or actual malice by the employee, any civil action or proceeding commenced upon the claim under this statute shall be deemed to be an action or proceeding brought against the state under the provisions of this title and all references thereto, and the state shall be substituted as the party defendant."
Although the statute does not mandate that the action be dismissed against the state employee, substitution of the State as the defendant effectively removes the employee from the case. Mottola v. Cirello,789 A.2d 421, 424 (R.I. 2002). After the Plaintiff was substituted for Dr. O'Brien, JUA brought a motion to dismiss him from the case, which was granted.
Up until Dr. O'Brien was dismissed from the case, his defense had been provided for him through his medical malpractice insurer, JUA. Obtaining medical malpractice insurance was a condition of Dr. O'Brien's employment with the Plaintiff. Dr. O'Brien paid for the premium himself and then the state reimbursed him. Although the Plaintiff did not object to being substituted for Dr. O'Brien, it requested that the order be conditioned on the continuation of JUA's defense services and coverage under the policy. When granting the motion, the trial justice specifically declined to decide whether coverage under the policy remained. The resolution of this question is what is before the Court.
 Standard of Review
The Uniform Declaratory Judgments Act vests the Court with "the power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." G.L. 1956 § 9-30-1. In so doing, the Court strives "to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." Sec. 9-30-12; see also Capital Props., Inc. v. State, 749 A.2d 1069, 1080
(R.I. 1999) (citations omitted). In order for the Court to exercise its jurisdiction under the Uniform Declaratory Judgments Act, an actual, justiciable controversy must be before it. Meyer v. City of Newport,844 A.2d 148, 151 (R.I. 2004). "By definition, a justiciable controversy must contain a plaintiff who has standing to pursue the action. . . ."Id. A plaintiff seeking declaratory judgment must have suffered an "injury in fact." Id. In other words, a plaintiff must allege an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Id.
"Furthermore, justiciability is not present unless the facts of the case yield some legal hypothesis which will entitle the plaintiff to real and articuable relief." Id.
"A decision to grant a remedy under the Uniform Declaratory Judgments Act is purely discretionary." Woonsocket Teachers' Guild Local Union951, AFT v. Woonsocket Sch. Comm., 694 A.2d 727, 729 (R.I. 1997). "Thus, even if the complaint contains a set of facts which bring it within the scope of our declaratory judgments act, there is no duty imposed thereby on the court to grant such relief, but rather the court is free to decide in the exercise of its discretion whether or not to award the relief asked for." Employers' Fire Ins. Co. v. Beals, 103 R.I. 623, 628,240 A.2d 397, 401 (R.I. 1968).
 Analysis
In this instance, the Court declines to grant declaratory judgment because Plaintiff has failed to establish that a justiciable controversy exists. The Plaintiff is not a party to the medical liability insurance policy executed by JUA and Dr. O'Brien, and so lacks standing to bring a declaratory judgment action. In Rhode Island, non-parties to an agreement do not have standing to bring an action to declare the validity or enforceability thereof. Meyer, 844 A.2d at 151; Sousa v. Town ofCoventry, 774 A.2d 812, 815 n. 4 (R.I. 2001) (in a case involving a town manager's authority to enter into a lease, the Supreme Court noted that there is no support for the proposition that an individual who is not a party to a contract may assert the rights of one of the contracting parties in order to void a contract or have it declared unenforceable). Only parties to the contract or intended third party beneficiaries may seek to have rights declared under a contract. See Forcier v. Cardello,173 B.R. 973, 984-85 (D.R.I. 1994) (only intended third party beneficiaries, not incidental beneficiaries, can bring an action for damages resulting from a breach of contract). Thus, as Plaintiff is neither a party to the contract nor an intended third party beneficiary, it has no legally protected interest that would give it standing to bring a declaratory judgment. See Farmers Insurance Co., Inc., v. Miller,926 S.W.2d 104, 107 (Mo.App. 1996) (no standing under the Declaratory Judgments Act where the plaintiffs were neither parties to the contract nor intended third party beneficiaries); St. Paul Fire Marine v. Med.Protective Co., 675 S.W.2d 665, 667 (Mo.App. 1984) (holding that one who is not a party and has no right to enforce a contract lacks standing to bring a declaration of rights under the contract); Bittenbender v.Hickman, 722 P.2d 594, 594 (Kan.App. 1986) (no justiciable controversy where plaintiffs were neither parties to the contract, intended third party beneficiaries thereof, or in privity with the contracting parties).
As a general proposition, the Court applies the same rules when construing insurance policies as it does when construing contracts.Employers Mut. Cas. Co. v. Pires, 723 A.2d 295, 298 (R.I. 1999). Therefore, the Court must look to the provisions of the insurance policy itself. Textron, Inc. v. Aetna Cas. and Surety Co., 638 A.2d 537, 539
(R.I. 1982). Unless the terms are ambiguous, i.e. susceptible of more than one interpretation, the plain meaning of the terms will govern the obligations of the contracting parties. Pires, 723 A.2d at 298. "Thus a court is not free to rewrite a policy or read provisions into it in order to achieve what the court subjectively may believe to be a desirable result." 56 Assocs. v. Frieband, 89 F.Supp. 2d 189, 193 (D.R.I. 2000).
Here, Dr. O'Brien's policy contractually defines "insured" and "named insured." Under the policy an insured is "any person or organization qualifying as an insured in the Person Insured provision of the applicable insurance coverage." Pursuant to the Person Insured provision, an insured is "each individual named in the declarations as insured." A named insured is defined by the policy as "the person or organization named in Item 1 of the declarations policy." The declaration page of Dr. O'Brien's insurance policy clearly indicates that he alone is the insured under the policy. In fact, unlike a fire insurance policy, the declaration page of Dr. O'Brien's medical malpractice policy does not have a space for additional insureds. See Id. A plain reading of the insurance policy establishes that the only parties who have standing to bring a declaratory judgment action on the policy are JUA and Dr. O'Brien.
The Court has no authority to insert the names of additional insureds.Id; contra United States v. CNA Financial Corporation,168 F. Supp. 2d 1109, 1116-19 (D. Alask. 2001) (following Alaska precedent recognizing implied additional insureds where the risk to the insurer was not increased by the implied insured and the implied insured was within the class intended to be benefited by the parties). The concept of implied additional insureds has not been recognized in Rhode Island heretofore. Indeed, the idea of an implied additional insured is antithetical to Rhode Island's well established law that absent ambiguity, the plain meaning of the contract should govern. Where a court finds that the terms of a contract are clear and unambiguous, the task of judicial construction is at an end and the contract terms must then be applied as written and the parties bound by them. Textron, Inc. v. AetnaCas. Sur. Co., 638 A.2d 537, 539 (R.I. 1994).
The Plaintiff is not an intended third party beneficiary under the policy. "There is a strong presumption that parties contract only for the benefit of themselves, and a contract will not be considered as having been made for the use and benefit of a third person unless it clearly appears that such was the intention of the parties." Brown v. SummerlinAssocs., Inc., 614 S.W.2d 227, 229 (Ark. 1981). Rhode Island follows the Restatement (Second) of Contracts rule concerning third party beneficiaries, which requires that the parties directly and unequivocally intend to benefit a third party in order for that third party to be considered an intended beneficiary. Finch v. Rhode Island Grocers Assn.,93 R.I. 323, 330, 175 A.2d 177, 181 (1961). The evidence before the Court clearly demonstrates that neither Dr. O'Brien nor JUA directly and unequivocally intended to benefit the Plaintiff. The terms of the policy unequivocally contemplate that only Dr. O'Brien would benefit. The fact that the insurance was required by the Plaintiff as a condition of employment or that the Plaintiff reimbursed Dr. O'Brien for the premiums he paid is of no legal consequence. Monast v. Manhattan Life InsuranceCo., 32 R.I. 557, 568-69, 79 A. 932, 936-37, (R.I. 1911) (payment of life insurance premiums for a third party does not create privity of contract).
The Plaintiff also argues that JUA should be equitably estopped from denying coverage to the Plaintiff because JUA accepted premiums and issued the policy. In the context of insurance coverage, equitable estoppel requires that the insured prove "(1) that he was misled by the acts or statements of the insurer or its agent; (2) reliance by the insured on those representations; (3) that such reliance was reasonable; and (4) detriment or prejudice suffered by the insured based on the reliance." General Accident Ins. Co. of America v. American NationalFireproofing, Inc., 716 A.2d 751 (R.I. 1998). The Plaintiff has not met its burden in satisfying the four pronged test for equitable estoppel. The Plaintiff has not submitted any evidence that JUA or its agent, Ted Barton, made misleading statements to the Plaintiff. In support of its estoppel argument, the Plaintiff asserts that it was misled by the JUA because (1) the state required Dr. O'Brien to obtain medical malpractice insurance; (2) Dr. O'Brien represented to Ted Barton that he was an employee of the state and that he was required to obtain such insurance; and (3) the JUA knew who and what conduct it was insuring. The Court fails to see how any of these assertions constitute misleading acts or statements by JUA or its agent. Furthermore, the Plaintiff cannot be said to have reasonably relied on the fact that the JUA issued a policy because although Dr. O'Brien was required to obtain medical malpractice insurance, he was not required to include the Plaintiff as a beneficiary or additional insured. Additionally, the fact that the Plaintiff reimbursed Dr. O'Brien for the premiums does not create privity between the Plaintiff and Dr. O'Brien or JUA. Monast 32 R.I. at 568-69,79 A. at 936-37. Therefore, the Plaintiff's estoppel argument fails.
 Conclusion
The Plaintiff's prayer for declaratory judgment is denied for lack of standing. The plain language of the policy clearly reflects that the Plaintiff was not a party to the contract. The Court declines to declare that the Plaintiff was an implied additional insured, and the evidence is clearly against finding that the Plaintiff was an intended, third party beneficiary. Finding a justiciable controversy lacking, this Court declines to entertain the motion for Declaratory Judgment. Prevailing party will submit an order consistent with the decision herein.