CITY OF SPRINGFIELD *vs.* LOCAL UNION NO. 648, INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS, & another.[1] No. 10-P-1449. June 16, 2011. *Arbitration*, Arbitrable question, Collective bargaining, Fire fighters. *Fire Fighter. Labor*, Arbitration, Collective bargaining, Fire fighters. *Public Employment*, Collective bargaining, Indemnification of employee, Paid leave. *Municipal Corporations*, Collective bargaining.

The city of Springfield (city) declined to arbitrate a grievance filed by Local Union No. 648, International Association of Fire Fighters (union), relating to the denial of union member Eric Overton's application for "injured on duty benefits." After the initial grievance filed by Overton, the union filed its own grievance addressed to Overton's "injured on duty benefits," a phrase which arguably encompasses both the indemnification for medical expenses under G. L. c. 41, § 100, and an application for paid leave during a period of incapacity pursuant to G. L. c. 41, § 111F. The union filed a demand for arbitration, and the city filed this action for injunctive and declaratory relief. A judge of the Superior Court determined that the dispute was not arbitrable. The union now appeals from the judgment staying the arbitration and declaring the grievance not arbitrable.

*Discussion.* We first review the judge's determination that the arbitration clause at issue does not fall within the category of "broad," as it would if it applied to "any differences arising with respect to the interpretation of th[e] contract." *AT&T Technologies, Inc.* v. *Communications Wkrs. of Am.*, 475 U.S. 643, 650 (1986) (*AT&T*). Language almost identical to this formulation is contained in Article 22 of the collective bargaining agreement (agreement) between the parties, which is entitled "Grievance Procedure." The right to arbitration is conditioned on the ability to file a grievance, Article 22.04, and the agreement authorizes an employee to file a grievance "in the event of any dispute concerning solely the interpretation o[r] application of this [a]greement." Article 22.01(a).

The city's interpretation of this language hinges on the addition of the word

---

[1]American Arbitration Association.

"solely," which the judge determined to work a transformation of the arbitration provision from broad to narrow. We are not persuaded that limiting a grievance process to the specific area already adjudicated to be "broad" renders it narrow. However, we do not decide that issue because this case does not concern an employee grievance; the union filed a grievance, under Article 22.05, to which we now turn:

> "22.05 Subject to Paragraph 22.01, the Grievance Committee of the Union may, if it deems it necessary or desirable, on its own motion, file a written statement of grievances pertaining to any matters related to the Employee-Employer relationship, including, but not limited to, discriminatory practices and matters related to health, safety or other terms and conditions of employment. Submission of grievances originated by Grievance Committee shall be initially filed as set forth in 22.02, above."

This language explicitly allows a grievance, and hence the right to arbitration, "pertaining to any matters related to the Employee-Employer relationship." This, we may safely say, is broad language.[2] See, e.g., *Drywall Sys., Inc.* v. *ZVI Constr. Co.*, 435 Mass. 664, 665, 667 (2002) (arbitration clause deemed broad where it covered "any controversy or claim . . . arising out of or related to this [s]ubcontract"). However, we must resolve the introductory phrase, "Subject to Paragraph 22.01," to determine if the provision, read in its entirety, qualifies as broad.

We do not read the introductory phrase of Article 22.05 as limiting the permissible subject area of a union grievance to that set forth in the first sentence of Article 22.01(a). To do so would render almost the entire remainder of Article 22.05 a nullity. See *Lexington Ins. Co.* v. *All Regions Chem. Labs, Inc.*, 419 Mass. 712, 713 (1995) ("A contract should be construed in such a way that no word or phrase is made meaningless by interpreting another word or phrase . . ."). Rather, we conclude the reference incorporates the four remaining paragraphs of Article 22.01, which set forth procedures and deadlines for filing grievances, designating representatives, and conducting settlement discussions.

Where there is a broad arbitration clause, courts apply the presumption of arbitrability "in the sense that '[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.' " *Local No. 1710, Intl. Assn. of Fire Fighters* v. *Chicopee*, 430 Mass. 417, 421 (1999), quoting from *AT&T, supra* at 650. Barring "any express provision excluding a particular grievance from arbitration . . . only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail." *AT&T, supra*, quoting from *Steelworkers* v. *Warrior & Gulf Nav. Co.*, 353 U.S. 574, 584-585 (1960). In this case, we conclude that the grievance for medical expense indemnification under G. L. c. 41, § 100, meets this test, but that the grievance for paid leave pursuant to G. L. c. 41, § 111F, does not.

General Laws c. 150E, § 7(*d*), presents an explicit selection by the

---

[2]Nor do the examples set forth following the phrase "including, but not limited to," render it otherwise.

Legislature of those statutory provisions whose application can be amended by contract in a collective bargaining agreement. The omission of a statute, such as G. L. c. 41, § 100, from this list strongly suggests that the Legislature intended employers and employees alike to be bound by the particular rights and remedies provided in the omitted statute. See *Lawrence* v. *Lawrence Patrolmen's Assn.*, 56 Mass. App. Ct. 704, 708 (2002). Furthermore, G. L. c. 41, § 100, specifically provides that an employee "aggrieved by any denial of his application . . . may petition the superior court in equity" for a determination that the board or officer of an employer "has committed error of law, or has been arbitrary or capricious, or has abused its or his discretion, or otherwise has acted not in accordance with law." G. L. c. 41, § 100, first par. Accordingly, while we consider the arbitration clause to be a broad one, we affirm the judge's determination that so much of the grievance as seeks benefits pursuant to G. L. c. 41, § 100, is not arbitrable.

By contrast, and as noted above, G. L. c. 41, § 111F, is included in the statutory provisions that may be altered by contract in a collective bargaining agreement. G. L. c. 150E, § 7(*d*)(*e*). Grievances relating to paid leave during a period of incapacity resulting from a workplace injury enjoy a presumption favoring arbitration created by a broad agreement. *Lawrence* v. *Lawrence Patrolmen's Assn.*, *supra* at 707, citing *Plymouth-Carver Regional Sch. Dist.* v. *J. Farmer & Co.*, 407 Mass. 1006, 1007 (1990). In the absence of evidence rebutting the presumption, it follows that this grievance is arbitrable.

*Conclusion.* So much of the judgment as declares the union grievance under G. L. c. 41, § 100, not arbitrable, and stays the arbitration of that grievance, is affirmed. The judgment shall otherwise be modified to reflect that the union grievance seeking relief under G. L. c. 41, § 111F, is arbitrable and not subject to the stay.

*So ordered.*

*Brian Jay Rogal* for Local Union No. 648, International Association of Fire Fighters.

*Albert R. Mason* for the plaintiff.